**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00096-PHX-JJT |
| Plaintiff, | **AMENDED ORDER** |
| v. | **(amended to correct document numbers)** |
| Frank Capri, *et al*., | |
| Defendants. | |

At issue is Intervenor Phoenix Newspapers, Inc.'s (PNI) Motion to Unseal Court Records (Doc. 273), in which PNI seeks the unsealing of Docket entries 223-25, 232-53, 256, 259, 263, 265 and 267, along with documents associated with those entries. PNI also seeks an Order directing the Clerk of Court to make the transcript of Defendant Capri's February 24, 2022, sentencing hearing available to the public for ordering. The Court will grant the Motion in part and deny it in part.

**I.     Docket Entries Not Provided to the Public Pursuant to Judicial Policy**

PNI advised that it listed in its Motion all skipped numbers on the public docket in this matter for approximately the past year, reasoning that each skipped number might contain a sealed entry. And indeed, all 30 of the skipped entries PNI lists are sealed items, 20 of which were sealed by Order of the Court in this matter; the Court addresses those 20 items in Section II below. But the following 10 skipped numbers are not sealed

by any Order of the Court in this matter: 223-25; 240; 249; 256; 259; 263; 265; and 267.[1] Rather, they are sealed by operation of a federal judiciary-wide policy. The Judicial Conference of the United States promulgated its current Policy on Privacy and Public Access to Electronic Case Files in 2008. That Policy provides in whole as follows:

> **I. Documents in criminal case files for which public access should not be provided**
>
> The following documents in a criminal case shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access:
>
> - unexecuted summonses or warrants of any kind (e.g., search warrants, arrest warrants);
> - pretrial bail or presentence investigation reports;
> - statements of reasons in the judgment of conviction;
> - juvenile records;
> - documents containing identifying information about jurors or potential jurors;
> - financial affidavits filed in seeking representation pursuant to the Criminal Justice Act;
> - ex parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act; and
> - sealed documents (e.g., motions for downward departure for substantial assistance, plea agreements indicating cooperation or victim statements).

https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files. Entries 223-25, 240, 249, 256, 259, 263, 265, and 267, as well as subsequent entries 275, 279, 282, 287 and 291 each comprise a type of document listed in the above Policy, and therefore are restricted from public view or access pursuant to the Policy through automatic sealing, as they would be in any other criminal case. The Court will not order them unsealed or provided to PNI.

---

[1] After PNI's filing of the instant Motion, the following additional docket entries were made that also fall under this classification: 275; 279; 282; 287; and 291.

- 2 -

**II.      Sealed Docket Entries**

Judge Fine's prior Orders in this matter (Docs. 72, 169) set out the applicable law on sealing in detail and the Court will not repeat it here. The Court has undertaken a careful review of each remaining entry listed, affording opportunity for input from the government and Defendant Capri, and concludes that there remains no compelling interest in the sealing of any of the following docket entries, which will be ordered unsealed and without redaction, to include any attachments: Docs. 236, 242, 243, 244, 246, 247, 248, 250, 251, 252, and 253.

As Judge Fine found in her most recent order in this matter (Doc. 169 at 8, 10), the safety of litigants and others is a compelling interest. The Court finds a substantial probability that compelling interest would be harmed in the absence of some limited closure to the remaining seven sealed items PNI listed in its Motion. *See In re Copley Press*, 518 F.3d 1022, 1029 (9th Cir. 2008) That closure, the Court also finds, can be accomplished to protect the compelling interest cited through limited redactions in all seven entries. Therefore the Court will order the remaining sealed items unsealed, to include any attachments, with the following redactions:

- Doc. 232: redacting p. 1 lines 20-21 only;
- Doc. 234: redacting p.1 lines 19-22 only;
- Docs. 235 and 239[2]: p. 2 lines 2-3; p. 2 line 7 through p. 3 line 13 only;
- Docs. 233 and 237[3]: p. 4 line 8, last partial word, through line 10 (including footnote) only;
- Doc. 241: p. 1 lines 21-22 only;
- Doc. 245: p. 1 lines 19-20 only.

---

[2] These two documents, though captioned differently, are identical in substance.

[3] These two documents, though captioned differently, are identical in substance.

As each of these seven documents were filed by Defendant Capri, the Court will require his counsel to file on the public docket each of these documents redacted as set forth above, within seven calendar days of entry of this Order.

### III. Transcript of Defendant Capri's Sentencing Hearing.

For the same reasons as set forth above, the Court will order the Court Reporter to prepare a version of the transcript of Defendant Capri's sentencing hearing with four redactions, as follows:

- p. 13 lines 13-18;
- p. 22 line 17, from the words "and the . . ." through line 22, and the word "but";
- p. 29 line 7, from the word "Particularly" through line 10, and the word "fraud.";
- p. 31 line 24 starting with the word "He's" through p. 32 line 8 and the word "attenuated."

**IT IS ORDERED** granting in part and denying in part Intervenor Phoenix Newspapers, Inc.'s (PNI) Motion to Unseal Court Records (Doc. 273) as set forth in detail above.

**IT IS FURTHER ORDERED** that within seven days of entry of this Order, counsel for Defendant Capri shall file on the public docket copies of the documents previously filed under seal at Docs. 232, 233, 234, 235, 237, 239, 241 and 245, redacted as directed in Section II of this Order, and including any attachments thereto.

**IT IS FURTHER ORDERED** unsealing Docs. 236, 242, 243, 244, 246, 247, 248, 250, 251, 252, and 253, along with any attachments thereto, without redaction.

**IT IS FURTHER ORDERED** directing the Court Reporter to prepare a version of the February 24, 2022, sentencing hearing of Defendant Capri, with the redactions specifically ordered in Section III of this Order, and thereafter make it available for order by members of the public with such redactions. The unredacted version of the transcript at Doc. 292 shall remain sealed.

**IT IS FURTHER ORDERED** that restricted Docket entries 223-25, 240, 249, 256, 259, 263, 265, 267, 275, 279, 282, 287 and 291 shall not be made public as set forth in Section I of this Order.

Dated this 15th day of April, 2022.

_____
Honorable John J. Tuchi
United States District Judge