THE WALLIN LAW FIRM, PLLC
D. Stephen Wallin, Attorney at Law
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300
Fax:  602-254-2515
steve@stevewallin.com
State Bar No. 014289
Attorney for Defendant FRANK CAPRI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Frank Capri, et al.,<br><br>Defendants. | No. 2:20-CR-00096-JJT-001<br><br>**DEFENDANT CAPRI'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>*Hon. John J. Tuchi* |
| --- | --- |

COMES NOW the Defendant, FRANK CAPRI, by and through Counsel undersigned, and moves this Court for early termination of supervised release.

**FACTS**

Mr. Capri was indicted on January 28, 2020 on charges arising out of a fraudulent scheme. Doc. 3. On August 10, 2021, he pled guilty to Count 16, conspiracy against the United States, and Count 1 of an information charging him with tax evasion, all pursuant to a plea agreement.  Doc. 217, 219, and 257.

On February 24, 2022 this Court accepted the plea agreement; consistent therewith, this Court sentenced Mr. Capri on each count to 60 months imprisonment followed by three years supervised release, sentences to run concurrently. Doc. 255, 258.  Later, this Court ordered restitution in the total amount of $19,385,429.80 ($17,857,350.80 to 34 fraud victims, with the remaining amount owed under the tax evasion count).  Doc. 305, 308, 311, 321-322.

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300;  Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

Mr. Capri was released from custody and began his term of supervised release on October 5, 2023 (per the Bureau of Prisons Inmate Locator). As of May 5, 2025, he will have served 18 months, or half of his term of supervision. He has performed well, and has not violated any of his terms. He has made all payments, which includes $100/month towards restitution. He has repeatedly sought employment, but has been unable to obtain a position; in some cases this is because positions he has been offered have proven unacceptable to his probation officer. His employment search has also been undercut by health issues. He has applied for disability due to documented medical conditions; his current application is in process. Under the circumstances, he has made admirable strides towards rehabilitation.

**LAW AND ARGUMENT**

Regardless of the term of supervised release originally imposed, the defendant may request early termination any time after serving one year of supervision. 18 U.S.C. § 3583(e)(1); *United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994). The Guidelines specifically state that the "court is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2 cmt. n.5. The Ninth Circuit has held that "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id*. (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. (quoting 18 U.S.C. § 3583(e)(1)). The Ninth Circuit determined in *Emmett* that "[t]he text of §

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300;  Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship" in order to obtain early termination.  *Id.  See also United States v. Bainbridge*, 746 F.3d 943, 948–50 (9th Cir. 2014) (concluding that new or changed circumstances are not required to modify conditions of supervised release).  In *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), the Ninth Circuit further determined that exceptional or extraordinary circumstances are not required for early termination.  *Accord, United  States v. Melvin*, 978 F.3d 49 (3d Cir. 2020) (courts may grant early termination even absent "exceptional, extraordinary, new, or unforeseen circumstance[s].").  The court "must consider" the § 3553(a) factors used in determining the imposition of a term of supervised release, *United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015).  *See also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (upon receiving an early termination motion, district courts must consider the relevant § 3553(a) factors and cannot have a blanket policy of refusing to grant termination unless a defendant has twelve months or less to serve); *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017) (record "must indicate that the court considered" the enumerated factors).

Defense counsel has been informed that the probation department opposes early termination, apparently due to unpaid restitution in the approximate amount of $19,383,629.  Were Mr. Capri to remain on supervised release for the remainder of his term, an additional $1,800 would be paid towards restitution; were this amount divided between the 35 victims, each victim (including the taxpayers, via the restitution to the IRS) would receive in total an additional $51.43.  In contrast, the most recent advisory from the Administrative Office of the United States Courts, dated January 23, 2025, reveals that the monthly cost to taxpayers of supervision is $395.00, for a total of $7,110.00 over the remaining 18 months.  *Cf. United States v. Harris*, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010):  "[T]he

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300;  Fax: 602-254-2515
steve@stevewallin.com
www.thewallinlawfirm.com

government cannot reasonably expect to achieve during the balance of Harris's supervised release any **meaningful** redress of the [victim] banks' $200 million loss, as calculated in the restitution order....Keeping Harris's supervised release restitution obligation in effect until [its normal expiration] will have no effect whatsoever upon the balance sheets of the bank victims."[1]  It will, however, cost the taxpayers over $7,000.00.

**CONCLUSION**

The Court should grant the motion, and terminate Mr. Capri's term of supervision effective immediately.

RESPECTFULLY SUBMITTED April 8, 2025.

THE WALLIN LAW FIRM, PLLC

s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Attorney for Defendant FRANK CAPRI

*Certificate of Service*

I hereby certify that on the above date, I electronically transmitted the foregoing **DEFENDANT CAPRI'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**, along with any exhibits and a proposed order, to the Clerk of Court, District of Arizona, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants.

I hereby certify that on the above date, I electronically transmitted the forgoing **DEFENDANT CAPRI'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**, along with any exhibits and a proposed order, via email to:

**Hon.  John J. Tuchi**
**United States District Judge**

THE WALLIN LAW FIRM, PLLC

s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Attorney for Defendant FRANK CAPRI

---

[1] Emphasis in original.